**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DING GU, | * | |
| Plaintiff, | * | Civ. No.  8:25-cv-715-PX |
| v. | * | |
| DR. IRVING WEINBERG., *et al*., | * | |
| Defendants. | | |

**\*\*\*\*\*\*\***

**MEMORANDUM OPINION**

Pending is the motion to dismiss filed by Defendants Dr. Irving Weinberg ("Dr. Weinberg"), Dr. Lamar Mair ("Dr. Mair"), and Weinberg Medical Physics, Inc. ("WMP") (collectively, "Defendants").  ECF No. 8.  The motion is fully briefed, and the Court does not need a hearing.  *See.* D. Md. Loc. R. 105.6.  For the reasons stated below, the motion is granted.

**I.      Background**

The Court accepts the Complaint facts as true and construes them most favorably to Plaintiff, Ding Gu ("Gu"), as the nonmovant.  WMP develops novel medical devices and therapies. ECF No. 1 ¶ 9.  WMP owns a patent for certain MRI technology that delivers to patients such particulates as drugs, nucleic acids, and cells.  ECF No. 1-5.  Dr. Weinberg, a physician and physicist, is the President of WMP.   ECF No. 1 ¶ 7.

Non-party corporation, Neuroparticle Corporation ("NP"), was created for the purpose of developing and commercializing WMP's patented MRI technology.  ECF No. 1 ¶ 10.  Dr. Mair is the President of NP and Dr. Weinberg is a "major" shareholder.  *Id.* ¶¶ 7–8.

On January 21, 2020, Gu agreed to invest substantial sums in NP.  ECF No. 1-3.  Gu signed the Seed Preferred Stock Purchase Agreement ("SPA") in which he agreed to make periodic investments in NP on a set schedule, for a total of $2 million over four months.  ECF No. 1 ¶ 10; ECF No. 8-2.[1]  But after four months, Gu had only invested $500,000.  ECF No. 8-2 at 5.

On August 26, 2020, Gu and NP amended the SPA to provide Gu flexibility in paying the remaining investment amount.  ECF No. 1-4.  But still, Gu did not make any additional contributions.  In February 2021, Weinberg somehow "unilaterally altered" a licensing agreement that WMP had with NP to "favor" WMP.  ECF No. 1 ¶ 12.  Although the Complaint offers no detail on the alterations, the new licensing agreement "funnel[ed]" NP's "revenue" to WMP, thus "eliminating any chance of profitability for NP."  *Id.* ¶ 15.

NP's CEO, Elaine Wang ("Wang"), refused to sign the new licensing agreement and, as a result, was "forced out" of the company.  ECF No. 1 ¶ 13.  Weinberg and WMP concealed from Gu the leadership change and the new licensing agreement.  *Id.* ¶ 14.  Gu also complains that NP never provided "financial updates or balance sheets to investors, despite ongoing investor inquiries."  *Id.* ¶ 16.

At the end of 2022, NP was dissolved without warning.  *Id.* ¶ 17.  Gu learned of the dissolution in February 2023 through a formal notice of dissolution.  *Id.* ¶ 18; ECF No. 1-6.  The stated reason for the dissolution was "insufficient assets" to pay corporate debts.  *Id.* ¶ 18; ECF No. 1-6.  Gu faults Defendants for "continued misleading communications" about the health of NP

---

[1] Although Gu did not attach the SPA to the Complaint, he relies on its terms and the amendment to the SPA.  ECF Nos. 1, 1-4.  Because the SPA is integral to the claims and its authenticity is not challenged, the Court may consider the SPA without converting the motion to one for summary judgment.  *See Doriety for Est. of Crenshaw v. Sletten*, 109 F.4th 670, 679 (4th Cir. 2024); *see also Goines v. Valley Cmty. Servs. Bd.,* 822 F.3d 159, 166 (4th Cir. 2016).

and attaches an array of seemingly random emails between Gu and Dr. Weinberg regarding efforts to obtain FDA approval for the technology.  ECF No. 1 ¶ 20; ECF No. 1-7.

Based on these events, Gu filed suit in this Court on March 4, 2025.  ECF No. 1.  Gu brings six causes of action against Defendants: fraudulent misrepresentation (Count I); securities fraud in violation of 15 U.S.C. § 78j(b) and SEC Rule 10b-5 (Count II); breach of fiduciary duty arising from Defendants' alleged "self-dealing" (Count III); unjust enrichment (Count IV); "fraudulent dissolution" (Count V); and civil conspiracy to commit fraud under "Maryland law" (Count VI). ECF No. 1 ¶¶ 21–39.  Defendants now move to dismiss the Complaint entirely.

## II.     Standard of Review

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the complaint facts as true and most favorably to the plaintiff as the nonmovant. *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  However, the Court will not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (". . . the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").  The complaint facts "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While pro se pleadings must be construed liberally to allow for the development of a potentially meritorious case, the Court cannot ignore a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

With this standard in mind, the Court turns to Defendants' arguments.

3

### III.    Analysis

Defendants first contend that all counts are time-barred.  ECF No. 8-1 at 14.  The parties agree that pursuant to the SPA, Delaware law applies to the common law claims, and that each claim is subject to a three-year limitations period.  ECF No. 8-1 at 16 n.3; ECF No. 8-2 at 13; ECF No. 11 at 1 (arguing the claims were filed within the "applicable statutes of limitations under both Delaware and federal law").  Limitations is an affirmative defense that should only be reached on a motion to dismiss where the complaint makes the defense clear on its face and "the plaintiff can prove no set of facts to avoid it."  *Reid v. Spazio*, 970 A.2d 176, 183–84 (Del. 2009) ("Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate.").  *See also Dollard v. Callery*, 185 A.3d 694, 708 (Del. Super. Ct. 2018).

Turning first to the common law claims of fraud, unjust enrichment, and civil conspiracy, each is subject to a three-year statute of limitations.  ECF No. 8-1 at 17, citing *Gen-E, LLC v. Lotus Innovations, LLC*, 2022 WL 2358410, at *1 (Del. Super. Ct. June 30, 2022) (stating fraud claims must be brought within three years.); *Ocimum Biosolutions (India) Ltd. v. AstraZeneca UK Ltd.*, 2019 WL 6726836, at *8 (Del. Super. Ct. Dec. 4, 2019), *aff'd*, 247 A.3d 674 (Del. 2021) (holding that unjust enrichment claims must be brought within three years); *BTIG, LLC v. Palantir Techs., Inc.*, 2020 WL 95660, at *3 (Del. Super. Ct. Jan. 3, 2020) ("civil conspiracy [claims] are subject to a three-year statute of limitations").  A claim accrues, and the limitations clock begins, usually "when the wrongful act occurs," but the time may be tolled where the injury "fraudulently was concealed."  *Dollard*, 185 A.3d at 709.  "Fraudulent concealment requires an affirmative act of concealment or 'actual artifice' by a defendant that prevents a plaintiff from gaining knowledge of the facts."  *Id*. (quoting *Weiss v. Swanson*, 948 A.2d 433, 451–52 (Del. Ch. 2008)).

Defendants argue that the claims accrued in January 2020, when Gu decided to invest in the company. ECF No. 8-1 at 17. When viewing the Complaint facts most favorably to Gu, the Court cannot agree. The Complaint avers that Defendants not only induced his initial investment, but lulled Gu into maintaining his shareholder relationship with them until the formal notice of dissolution in February 2023. Thus, because the Court cannot conclude from the face of the Complaint that the claims are time barred, dismissal is not proper on this ground.[2]

The securities fraud claim, however, is a different matter. The statute of limitations for an action brought under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78a, *et seq.*, requires that a plaintiff bring a claim "not later than the *earlier* of (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b) (emphasis added). *See also Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010) (limitations runs from when the plaintiff "did discover or a reasonably diligent plaintiff would have discovered the facts constituting the violation—whichever comes first.") (cleaned up). *See also Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 273 (3d Cir. 2013). From the face of the Complaint, the latest that Gu reasonably learned about the underlying alleged securities fraud is February 2023 when he received the dissolution notice. More than two years passed before he filed suit in March 2025. Thus, the securities fraud claim (Count II) must be dismissed as time-barred.

The Court next turns to the sufficiency of the common law claims.

---

[2] For the same reasons, the Court cannot conclude that based on the face of the Complaint, the affirmative defense of laches bars the claims. *See Reid*, 970 A. 2d at 183 (equitable "affirmative defenses, such as laches, are not ordinarily well-suited for treatment" at the motion to dismiss stage).

### A.    Fraudulent Misrepresentation (Count I)

Defendants principally contend that the fraud allegations fail because they have not been pleaded with the requisite specificity.  ECF No. 8-1 at 21.  In Delaware, consistent with Federal Rule of Civil Procedure 9(b), the complaint must minimally aver "the time, place, and contents of the false representations; the facts misrepresented; the identity of the person(s) making the representation; and what that person(s) gained from making the misrepresentation."  *Matrix Parent, Inc. v. Audax Mgmt, Co., LLC.*, 319 A.3d 909, 933 (Del. Super. Ct. 2024) (quoting Del. Super. Ct. R. 9(b)).  *See also* Fed. R. Civ. P. 9(b).  The Complaint allegations fall well below this pleading standard.  At best, the Complaint avers that "information" regarding concealment of Wang's termination and the "new licensing agreement" supports the claim.  ECF No. 1 ¶ 23.  But the Complaint does not identify what was communicated, by whom, or in what context the statements were made giving rise to an inference of falsity.  Likewise, generalized allegations that misstatements were made about NP's "financial health and future profitability," made to Gu so he would invest in NP, are too vague and nonspecific to make plausible the claim.  Thus, Count I must be dismissed.[3]

### B.    Breach of Fiduciary Duty and Unjust Enrichment (Counts III and IV)

Defendants next contend that the common law breach of fiduciary duty count fails because no facts make plausible the existence of a fiduciary relationship between Gu as a shareholder of NP and any of the Defendants.  ECF No. 8-1 at 22–23.  The Court agrees.  Common law breach of fiduciary duty "has only two formal elements (i) the existence of a fiduciary duty and (ii) a breach of that duty."  *Leo Invs. Hong Kong Ltd. v. Tomales Bay Cap. Anduril III, L.P.*, 342 A.3d

---

[3]  Defendants separately argue that the "fraudulent dissolution" claim (Count V) is not a recognized cause of action in Delaware.  ECF No. 8-1 at 27.  Gu does not disagree, ECF No. 11, and rather addresses the "fraud claims" collectively. *Id.* at 5.  Further, the Court could find no support for the existence of such a common law claim.  Accordingly, Count V will be dismissed.

1166, 1191 (Del. Ch. 2025). "Delaware law imposes fiduciary duties on those who effectively control a corporation." *Witmer v. Armistice Capital, LLC*, 344 A.3d 632, 649 (Del. Ch. 2025) (citation omitted). As the Delaware Supreme Court recently explained, "stockholders do not owe fiduciary duties to the corporation or its stockholders and are free to act in their self-interest." *In re Oracle Corp. Derivative Litig.*, 339 A.3d 1, 19 (Del. 2025). However, a stockholder who "owns or controls over 50% of a Delaware corporation's stock is presumed to exercise 'hard' control and assumes fiduciary duties in certain circumstances." *Id.  See In re Match Grp., Inc. Derivative Litig.*, 315 A.3d 446, 460 (Del. 2024) ("[A] controlling stockholder is a fiduciary and must be fair to the corporation and its minority stockholders when it stands on both sides of a transaction and receives a non-ratable benefit.").

Here, the Complaint is so barebones that the Court cannot plausibly infer the existence of a fiduciary relationship between Gu and any of the Defendants. The closest Gu comes is suggesting that Dr. Weinberg was a "major" shareholder in NP. ECF No. 1 ¶ 7. But the Complaint provides no context for this assertion, so the Court cannot plausibly infer that Dr. Weinberg was a majority shareholder, or even if he is, that any other circumstances gave rise to the existence of a fiduciary relationship between Gu and Dr. Weinberg. *Id.* Accordingly, the claim fails. Count III is dismissed.

For the same reasons, so too must the Court dismiss Count IV for unjust enrichment. In Delaware, unjust enrichment has five elements: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010). "At the pleading stage, an unjust enrichment claim that is entirely duplicative of a breach of fiduciary duty claim—*i.e.*, where both claims are premised on the same purported breach of fiduciary duty—

is frequently treated in the same manner when resolving a motion to dismiss." *Calma on Behalf of Citrix Sys., Inc. v. Templeton,* 114 A.3d 563, 591 (Del. Ch. 2015) (internal citation and quotation marks omitted). This is especially so here, where Gu has baldly alleges that "Defendants financially benefitted from NP's investor funds while providing no returns" and "[i]t would be unjust to allow Defendants to retain funds obtained through fraudulent means." ECF No. 1 ¶¶ 31–32. Certainly, no facts make plausible the requisite "direct relationship" between any defendant's enrichment and Gu's "impoverishment." *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 60 (Del. Ch. 2012) ("a plaintiff must show that there is some *direct* relationship . . . between a defendant's enrichment and a plaintiff's impoverishment.") (internal citation and quotation marks omitted) (emphasis in original). Thus, this claim, too, fails as a matter of law.

### C.    Civil Conspiracy (Count VI)

The Court lastly turns to the "conspiracy to commit fraud" count. ECF No. 1 ¶¶ 37–39. The Complaint seems to suggest that Maryland law applies to this Count but does not explain why. *Id*. ¶ 38. In any event, whether Maryland or Delaware law applies, a civil conspiracy depends on the existence of an underlying tort that two or more defendants conspired to commit. *See, e.g., Hoffman v. Stamper*, 867 A.2d 276, 290 (Md. 2005) (civil conspiracy "'is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'") (quoting *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1044–45 (Md. 1995)). *See also Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 892 (Del. Ch. 2009) ("Civil conspiracy is not an independent cause of action; . . . if plaintiff fails to adequately allege the elements of the underlying claim, the conspiracy claim must be dismissed."). Because no other causes of action survive, the conspiracy claim must be dismissed on this basis alone.

## IV.    Dismissal With or Without Prejudice

The Court retains broad discretion in whether to dismiss the Complaint with or without prejudice. *See Weigel v. Maryland,* 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citing *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013). Where, as here, a pro se plaintiff has not yet had the opportunity to amend the Complaint, he should be given the chance to cure the pleading defects. Accordingly, the Court will afford Gu a chance to file an Amended Complaint. Gu is reminded that an Amended Complaint replaces the original complaint, and that he must plead all facts which he believes make plausible the claims, including those facts that may support the timeliness of suit.[4] Failure to file an Amended Complaint within the time provided in the order, or failure to correct the pleading deficiencies addressed in this decision, will result in dismissal of the claims with prejudice.

## V.    Conclusion

Based on the foregoing, the motion to dismiss filed by Defendants Dr. Irving Weinberg, Dr. Lamar Mair, and Weinberg Medical Physics, Inc. at ECF No. 8 is granted. Within twenty-one days from the date of this Opinion and Order, Plaintiff Ding Gu shall file an Amended Complaint to cure the pleading defects if possible. Within fourteen days thereafter, Defendants shall answer or otherwise respond to the Amended Complaint. Failure to file an Amended Complaint will result in dismissal of the Complaint with prejudice and without further notice.

---

[4] Relatedly, Gu moves for leave to file a surreply to "correct" a "factual misstatement" regarding the date of Wang's resignation. ECF No. 13 at 1. At the motion to dismiss stage, the Court considers only those facts averred in the complaint, including documents attached to the complaint as integral to the pleading. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). A plaintiff cannot add complaint facts through responsive briefing. *See, e.g.*, *Hurst v. D.C.*, 681 F. App'x 186, 194 (4th Cir. 2017) (collecting cases). Moreover, surreplies are disfavored in this Court, to be permitted only where the moving party would be unable to contest "matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004); *see also* D. Md. Loc. R. 105.2(a). The Court thus denies the motion for leave to file a surreply. Gu may add the allegedly "corrected" date of Wang's resignation to the Amended Complaint.

9

A separate Order follows.


Date: March 17, 2026

                                                                              /s/
                                     PAULA XINIS
                                     United States District Judge